[No. 396. January 23, 1889.]

## *IN RE PETITION OF JAMES BRYDON FOR WRIT OF HABEAS CORPUS.

HABEAS CORPUS—RETURN—RELEASE FROM IMPRISONMENT.—Where, on *habeas corpus*, there was nothing to contradict the return of the sheriff, showing that, at the date of the petition, the petitioner was not restrained of his liberty, an order releasing him from unlawful imprisonment could not be made.

Petition for Writ of Habeas Corpus Denied.

The facts are stated in the opinion of the court.

*Omitted and received too late to be reported sooner.—REPORTER.

Edward L. Bartlett for petitioner.

LONG, C. J.—On the seventeenth day of January, 1889, James Brydon filed in the supreme court his petition for writ of habeas corpus; averring therein that at that date he was unlawfully restrained of his liberty by Francisco Chavez, sheriff of Santa Fe county. It is further averred that the cause of such restraint is a commitment issued by a justice of the peace of said county; and it appears by other averments that an affidavit was filed before such justice, upon which a warrant issued, and the petitioner was arrested, on the charge attempted to be made in said affidavit. The petitioner predicates his right to a release from the alleged illegal imprisonment on the ground that the affidavit on which the arrest was made, and the proceeding had before the justice of the peace, does not charge any offense under the law, and that, therefore, the warrant which issued was void, and the proceeding also void. The assistant attorney-general appeared in this court on behalf of the territory, and a stipulation appears in the record, between him and the petitioner's counsel, in relation to the evidence which may be considered. The writ, as prayed for, was ordered by this court, and returned on the twenty-first day of January. The purpose, in part, for which the writ was ordered, was to ascertain whether the petitioner was in fact restrained of his liberty at all, as alleged in the petition, at the commencement of the proceedings. The return of the sheriff is as follows: "I, Francisco Chavez, sheriff, do hereby certify, that James Brydon has been under the custody of the sheriff since the 14th day of January, A. D. 1889, and up to this time he is still under custody of said sheriff, Santa Fe N. M. Jany. 21st, 1889, he is under actual custody having surrendered this morning." The order for the writ was made the seventeenth, and the same seems to have been issued the nineteenth of January. There is some ambiguity about the sheriff's return, but the only reasonable interpretation of it is that there was no actual custody of the petitioner by the sheriff until the twenty-first day of January. If, prior to that date,

he was confined in the county jail as the mittimus contemplates, or was in the actual custody of the sheriff, there would be no necessity for a surrender on the twenty-first. As we construe the return, it shows the petitioner was at large, within the sheriff's reach, up to the twenty-first; that on that day, for the first time, the sheriff took him into actual custody. The return is not a compliance with section 2016. The most impressive point in the record is the number of important things that are waived. With an affidavit on file which most lawyers would have moved to quash, the defendant waived examination. With a commitment in his hand, the sheriff seems to have waived the command thereof to securely confine the petitioner in the common jail, possibly for the reason that he deemed the whole proceeding void. The issuing of the writ of habeas corpus is waived, and the return thereto is waived. To invoke the action of this court, there must be a substantial case, and there can not be with the petitioner at large, in the enjoyment of his liberty, at the date when the petition was filed. As the sheriff's return shows the petitioner did not surrender himself to the sheriff until January 21st, and as there is nothing to contradict this return, we can not find that imprisonment on that date proves imprisonment on the seventeenth day of January, and do find and adjudge that the petitioner was not, on the seventeenth day of January, restrained at all of his liberty, and therefore can not make any order releasing him from unlawful imprisonment. Costs are adjudged against petitioner. In this opinion the associate justices all concur.